**NOT FOR PUBLICATION**

JAN 25 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS ERNESTO VILLA MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74777 <br><br> Agency No. A088-423-365 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011**

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Santos Ernesto Villa Martinez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his motion to reopen

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, and review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Villa Martinez was not denied his right to counsel because he knowingly and voluntarily waived his right to counsel when he told the IJ he wanted to proceed with his hearing without counsel after the IJ offered to continue his hearing in order to ensure counsel's presence. *See Biwot v. Gonzales*, 403 F.3d 1094, 1100 (9th Cir. 2005) ("[A]n alien cannot appear pro se without a knowing and voluntary waiver of the right to counsel.").

We agree with the BIA that Villa Martinez was not prejudiced by former counsel's failure to appear at his hearing because Villa Martinez was not eligible for any relief at that time. *See Mohammed*, 400 F.3d at 793-94.

Villa Martinez's contentions under 8 C.F.R. § 287.8(b)(2) are unavailing.

The BIA did not abuse its discretion in denying Villa Martinez's motion to reopen on the ground that he failed to demonstrate the evidence he submitted was previously unavailable and material. *See* 8 C.F.R. § 1003.2(a), (c); *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005).

Villa Martinez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**